1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VINCENT M. ALVARADO,             )   Case No. LACV 09-945-OP
                                 )
                Plaintiff,       )
                                 )
       v.                        )   MEMORANDUM OPINION; ORDER
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
                Defendant.       )
                                 )

The Court[1] now rules as follows with respect to the disputed
issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

**I.**

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
United States Magistrate Judge in the current action.  (See Dkt. Nos. 8, 9.)

[2]  As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the Administrative
Record, and the Joint Stipulation filed by the parties.  In accordance with Rule
12(c) of the Federal Rules of Civil Procedure, the Court has determined which
party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1   **DISPUTED ISSUE**

2          As reflected in the Joint Stipulation, the sole disputed issue which Plaintiff

3   raises as the ground for reversal and/or remand is whether the Administrative Law

4   Judge ("ALJ") properly considered the treating physician's opinion.  (JS at 6.)

5   **II.**

6   **STANDARD OF REVIEW**

7          Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision

8   to determine whether the Commissioner's findings are supported by substantial

9   evidence and whether the proper legal standards were applied.  DeLorme v.

10  Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more

11  than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402

12  U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of

13  Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial

14  evidence is "such relevant evidence as a reasonable mind might accept as adequate

15  to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The

16  Court must review the record as a whole and consider adverse as well as

17  supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).

18  Where evidence is susceptible of more than one rational interpretation, the

19  Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452

20  (9th Cir. 1984).

21  **III.**

22  **DISCUSSION**

23  **The ALJ Properly Considered the Opinion of Plaintiff's Treating Physician.**

24         Plaintiff contends that the ALJ erroneously rejected the opinion of his

25  treating physician, Dr. Michael Tsai.  (JS at 7-10.)  Specifically, Plaintiff argues

26  that the ALJ improperly relied on a "one-time examining opinion" of a consultative

27  physician rather than "over 120 pages of treatment records."  (Id. at 8-9.)  The

28  treatment records Plaintiff relies upon are from Arcadia Mental Health Center

2

1  (Administrative Record ("AR") at 313-58, 517-591) and Pasadena Mental Health
2  Center (id. at 453-516.)[3]  The Court disagrees with Plaintiff's contention.

3       **A.   Applicable Law.**

4       It is well-established in the Ninth Circuit that a treating physician's opinions
5  are entitled to special weight, because a treating physician is employed to cure and
6  has a greater opportunity to know and observe the patient as an individual.
7  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating
8  physician's opinion is not, however, necessarily conclusive as to either a physical
9  condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,
10 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on
11 whether it is supported by sufficient medical data and is consistent with other
12 evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's
13 opinion is uncontroverted by another doctor, it may be rejected only for "clear and
14 convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v.
15 Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion
16 is controverted, it may be rejected only if the ALJ makes findings setting forth
17 specific and legitimate reasons that are based on the substantial evidence of record.
18 Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at
19 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

20      However, the Ninth Circuit also has held that "[t]he ALJ need not accept the
21 opinion of any physician, including a treating physician, if that opinion is brief,
22 conclusory, and inadequately supported by clinical findings."  Thomas, 278 F.3d at
23 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.

24
25
26      [3] Plaintiff disputes the ALJ's reliance upon the consultative psychiatric
   examination of Dr. Jason Yang.  (JS at 7-10.)  Plaintiff does not allege that the ALJ
27 erred in his physical capacity finding.  (Id.)  Thus, the Court will only discuss the
   ALJ's consideration of Plaintiff's treating sources as to the alleged mental
28 impairments.

1992).  A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict."  Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

## B.   **Background.**

From May 2006 through October 2008, Plaintiff sought treatment from psychiatrist, Dr. Tsai, and Licensed Clinical Social Worker, Linda Stone, at the Arcadia Mental Health Center.  (AR at 313-58, 517-91.)  On April 18, 2006, Ms. Stone assessed Plaintiff with a Global Assessment of Functioning ("GAF") score of 50.[4]  (Id. at 322.)  Throughout Plaintiff's treatment at the Arcadia Mental Health Center, Dr. Tsai concluded that Plaintiff had depressive disorder recurrent severe without psychotic features and alcohol dependence.  He provided Plaintiff with a conservative treatment plan, consisting of prescriptions for psychiatric medication, with no indication of hospitalization, counseling sessions, intensive treatment, or

___

[4] GAF scores reflect the "clinician's judgment of the individual's overall level of functioning . . . [including] psychological, social and occupational functioning" and are not meant to be a conclusive medical assessment of overall functioning, but rather, are only intended to be "useful in planning treatment[,] . . . measuring its impact, and in predicting outcome."  Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV"), 32-34 (American Psychiatric Ass'n ed., 4th ed. 2000).  A GAF score of 50 suggests "[s]erious symptoms . . . OR any serious impairment in social, occupational, or school functioning."  Id. at 34.

4

other forms of treatment.  (<u>Id.</u> at 324, 341, 525, 533, 550-58.)  On three separate occasions,[5] Dr. Tsai completed a "Mental Disorders Questionnaire Form," where he assessed Plaintiff's functional limitations as follows:

> Mr. Alvarado would be expected to have significant difficulty performing work-related activities on a day-to-day basis in a regular work setting as a direct result of his mental condition. . . .  Mr. Alvarado's condition is severe and persistent, and he cannot be expected to complete a normal workday or workweek without interruptions due to psychologically-based symptoms.

(<u>Id.</u> at 337, 522, 547.)  In a Mental Residual Functional Capacity Questionnaire, Dr. Tsai opined that Plaintiff has marked and extreme limitations in the following areas:  (i) understanding and memory; (ii) sustained concentration and persistence; (iii) social interaction; and (iv) adaption.  (<u>Id.</u> at 533-37.)

From October 2006 through February 2008, Plaintiff underwent counseling sessions with a therapist at the Pasadena Mental Health Center ("PMHC").  (<u>Id.</u> at 453-516.)  On October 3, 2007, a therapist assessed Plaintiff with major depressive recurrent, moderate and a GAF of 55, or "[m]oderate symptoms . . . OR moderate difficulty in social, occupational, or school functioning."  (<u>Id.</u> at 463-64); <u>see also</u> <u>DSM-IV</u> at 34.  Progress notes and treatment plan reviews indicated that Plaintiff was continuing therapy and reaching his goals.  (AR at 453-63, 465-69, 472-75, 477, 481-89, 491-96, 500-07, 514-16.)  Notably, no therapist at PMHC assessed Plaintiff with any functional limitations.  (<u>Id.</u> at 453-516.)

**C.    <u>Analysis</u>.**

Here, after summarizing the medical evidence, the ALJ provided specific

---

[5]  Dr. Tsai completed a "Mental Disorders Questionnaire Form" on December 19, 2006, October 27, 2008, and February 6, 2008.  (AR at 333-40, 542-49, 517-24.)

and legitimate reasons, based upon substantial evidence, to reject the opinion of Dr. Tsai. (Id. at 17-19.)  In rejecting Dr. Tsai's opinion, the ALJ relied upon the medical opinions of the consultative physicians and the progress notes from PMHC. (Id.)  The ALJ stated:

> I find, after reviewing the evidence, including the opinions of Dr. Balson, Dr. Tsai, and Dr. Yang, that the claimant can perform at least simple work.  Dr. Tsai's extremely limiting restrictions are not consistent with the overall evidence, especially the progress notes from Pasadena Mental Health Center.   According to the claimant's therapist, the claimant appeared to be goal-directed and making progress, which directly contradicted Dr. Tsai's assessment that the claimant lost interest and pleasure in nearly all activities, had difficulty independently initiating and carrying out goals and activities, and lacked any social or recreational activities outside the home.  Thus, Dr. Tsai's opinion is not persuasive . . . .

(AR at 19.)

The record supports the ALJ's finding.  On October 11, 2006, Dr. P. Balson, a consultative psychiatrist, reviewed the evidence and completed a "Psychiatric Review Technique" form. (Id. at 199-212, 286-99.)  Dr. Balson determined that Plaintiff suffered from a medically determinable impairment of depression, which was non-severe. (Id. at 199, 202, 286, 289.)  Dr. Balson also indicated that Plaintiff has mild limitations in the following areas:  (i) restrictions of activities of daily living; (ii) difficulties in maintaining social functioning; (iii) difficulties in maintaining concentration, persistence, or pace. (Id. at 296.)  Dr. Balson's opinion, based on independent clinical findings, suggests a higher functioning of mental capacity than Dr. Tsai found.

On May 4, 2006, Dr. Jason Yang conducted a consultative psychiatric

evaluation.  (Id. at 304-07.)  Dr. Yang determined that Plaintiff had depressive disorder, not otherwise specified, and alcohol dependence.  (Id. at 306.)  Dr. Yang assessed Plaintiff with a GAF score of 64, or "[s]ome mild symptoms . . . OR some difficulty in social, occupational, or school functioning . . . , but generally functioning pretty well, has some meaningful interpersonal relationships."  (Id.); see also DSM-IV at 34.  As to Plaintiff's functional limitations, Dr. Yang opined:

> The mental status examination today revealed no evidence of cognitive defects, perceptual disturbances or delusional disorders at this time.  The claimant was fairly groomed, and seems capable of taking care of his own needs.
>
> The claimant is able to focus attention adequately.  He is able to follow one and two part instructions.  The claimant can adequately remember and complete simple and complex tasks.  He is able to tolerate the stress inherent in the work environment, maintain regular attendances, and work without supervision.  In addition, he was able to interact appropriately with myself and staff, and I imagine that he would be able to interact appropriately with supervisors, coworkers, and the public in the workplace.

(AR at 306.)  Here again, Dr. Yang, based upon independent clinical findings, assessed a greater level of mental functioning than Dr. Tsai's assessment.  Thus, the opinions of the consultative physicians constitute substantial evidence since they were based on independent clinical findings, and any conflict between these findings and Dr. Tsai's opinion was for the ALJ to resolve.[6]  See Andrews, 53 F.3d

---

[6] Plaintiff contends that Dr. Yang's opinion is meaningless, as remote opinions given prior to a further development of more timely medical evidence cannot suffice to provide substantial evidence.  (JS at 8, 9) (citing Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963-964 (3rd Cir. 1984) (rejecting the ALJ.s

(continued...)

1  at 1041 (opinion of nontreating source based on independent clinical findings may
2  itself be substantial evidence).

3       The ALJ also rejected Dr. Tsai's findings regarding Plaintiff's severe mental
4  limitations as the findings were inconsistent with the treatment records from
5  PMHC. (AR at 19.) As stated above, progress notes and treatment plan reviews
6  from PMHC indicated that Plaintiff was regularly continuing his therapy and
7  meeting his goals. See supra, Discussion Part III.B. Additionally, the ALJ stated,
8  "Pasadena Mental Health Center notes showed that the claimant appeared well-
9  rested and energized in January 2008." (Id. at 17 (citations omitted).) Thus, the
10 treatment records from PMHC, which were based on independent clinical findings,
11 were inconsistent with Dr. Tsai's opinion. The ALJ properly relied upon this
12 inconsistency, which constituted substantial evidence, to reject the opinion of Dr.
13 Tsai.

14      Based on the foregoing, the ALJ provided specific and legitimate reasons,
15 supported by substantial evidence in the record, to reject the opinion of Dr. Tsai.
16 Thomas, 278 F.3d at 957; Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751;
17 Miller, 770 F.2d at 849. Thus, there was no error.

18                                    **IV.**

19                                  **ORDER**

20

21

22 _____

23      [6](...continued)
   reliance on stale medical reports)). In Wier ex rel. Wier, the court noted that the
24 opinions relied upon by the ALJ were issued by non-examining physicians doctors
25 who never saw the plaintiff. Id. at 963. Further, the court noted that two of the
   reports issued were several years old when the plaintiff was eleven and thirteen
26 years old and that "[i]n a case involving an adolescent, where medical and
27 psychological problems often change rapidly, reliance on this sort of evidence is
   highly suspect." Id. at 964. Such is not the case here. Thus, the Court finds Wier
28 ex rel. Wier distinguishable from Plaintiff's case.

1    Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be
2    entered affirming the decision of the Commissioner, and dismissing this action
3    with prejudice.
4
5    Dated: November 4, 2009
6                                                    _____
7                                                    HONORABLE OSWALD PARADA
8                                                    United States Magistrate Judge
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28